**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANDREW PETER OLEXSAK AND JENNIFER LYNN OLEXSAK, <br><br> Plaintiffs, <br><br> v. <br><br> OFFICER STEPHEN JONES, BOONTON POLICE DEPARTMENT, AND TOWN OF BOONTON, <br><br> Defendants. | Civil Action No. 21-20026 (SDW)(ESK) <br><br><br> **OPINION** <br><br><br><br> July 28, 2022 |

**WIGENTON**, District Judge.

Before this Court is Defendants Officer Stephen Jones ("Officer Jones"), Boonton Police Department ("Boonton PD"), and Town of Boonton's ("Boonton") (collectively, "Defendants") Motion to Dismiss (D.E. 4) Plaintiffs Andrew Peter Olexsak ("Plaintiff" or "Andrew O.") and Jennifer Lynn Olexsak's[1] (collectively, "Plaintiffs") Complaint (D.E. 1 ("Compl.")) pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Jurisdiction is proper pursuant to 28 U.S.C. § 1332. Venue is proper pursuant to 28 U.S.C. §§ 1441(a) and 1445(a). This opinion is issued

---

[1] Plaintiff Jennifer Lynn Olexsak has pled no claims in the Complaint. (*See generally* D.E. 1.) The Complaint has set forth no factual allegations or causes of action as to Plaintiff Jennifer Lynn Olexsak. The only mention of Plaintiff Jennifer Lynn Olexsak is in Plaintiffs' Opposition Brief, which alleges that "Plaintiff was a witness and testified in the court hearing on December 18, 2012"; Plaintiff Jennifer Lynn Olexsak was a "witness in the 2021 firearms appeal hearing" and "witness to new false statements made [. . . ] in the New Jersey Superior Court in November 2021"; and Plaintiff Jennifer Lynn Olexsak suffered undue emotional distress and trauma. (D.E. 7.) Even a generous reading of the Complaint does not reveal facts sufficient to sustain any causes of action by Plaintiff Jennifer Lynn Olexsak and thus her claims are dismissed. This opinion will refer only to Plaintiff, Andrew O. going forward.

1

without oral argument pursuant to Rule 78. For the reasons stated below, Defendants' Motion is **GRANTED**.

I. <u>**BACKGROUND AND FACTUAL HISTORY**</u>[2]

**A. Plaintiff's May 2012 Arrest**

On May 5, 2012, Plaintiff Andrew O. was involved in a dispute with his neighbors in front of his home in Boonton, New Jersey that resulted in Boonton PD being called. (D.E. 5 at 25–26.) At the scene of the May 5, 2012 incident, Andrew O. was asked by police officers repeatedly to remove his hands from his pockets. (*Id.*) Plaintiff refused to remove his hands from his pockets, ridiculed the police officers, and then proclaimed in front of several citizens and children that he had a weapon. (*Id.*) Plaintiff was then placed under arrest for disorderly conduct. (*Id.*) As a result of his actions, Plaintiff was charged with Obstructing the Administration of Law or Government Function, N.J.S.A. § 2C:29-1(a) and Disorderly Conduct, N.J.S.A. § 2 C:33-2. (D.E. 5 at 25–26, 42–44, 47, 52.)

In connection with the May 5, 2012 incident, Plaintiff alleges that Officer Jones unlawfully searched, seized, and arrested him. (Compl. at 4, 10.) Following the arrest, Officer Jones purportedly "created a fictitious police report to shield himself from the misconduct." (*Id.* at 10.) Thereafter, Plaintiff alleges that he filed a misconduct complaint against Officer Jones with the Morris County Prosecutor's office after the "false arrest."[3] (*Id.*) Without providing further factual

---

[2] The factual information provided in this opinion was obtained from the Complaint, as well as the exhibits attached to Defendants' motion that were explicitly referenced and relied upon in the Complaint by Plaintiff.

[3] Andrew O. has provided no further factual detail regarding the alleged misconduct complaint filed against Officer Jones. (*See generally* Compl.) The specifics and the factual circumstances surrounding the alleged misconduct complaint are not provided. (*Id.*) It is unclear whether the alleged misconduct complaint was substantiated or dismissed. (*Id.*)

detail, Plaintiff asserts that "when [Officer Jones] found out about the misconduct complaint, [Officer Jones] retaliated by maliciously prosecuting the plaintiff."[4] (*Id.*)

On or about December 18, 2012, Plaintiff pleaded guilty to Obstructing the Administration of Law or Government Function, N.J.S.A. § 2C:29-1(a) in connection with his May 5, 2012 arrest and was sentenced to complete community service. (D.E. 5 at 42–44, 57, 52.) On that same date, the Disorderly Conduct, N.J.S.A. § 2C:33-2 charge against Plaintiff was dismissed. (*Id.* at 52.) Court records indicate that Plaintiff filed an appeal of his entered guilty plea of Obstructing the Administration of Law or Government Function, N.J.S.A. § 2C:29-1(a) on or about January 16, 2013. (*Id.* at 47.) No further factual information is provided on the appeal. (*Id.*)

Plaintiff contends that from 2013 through 2016 "[f]ictitious police reports" were filed against him. (Compl. at 10.) Specifically, Plaintiff made "several attempts to notify the Chief of Police and other police officers of the misconduct" from 2013 to 2016. (Compl. at 10.) Purportedly, "[e]ach attempt was met with police reports that contained material omissions and or falsifications to create a narrative that protected the defendant." (*Id.*) However, during this period, the police reports filed documented incidents where Plaintiff harassed and intimidated Boonton police officers and their respective family members at their homes; Boonton personnel; and other persons. (D.E. 5 at 25–32.)

B. **The Firearms Purchaser Identification Card and Firearms Permit Application**

On November 15, 2020, Plaintiff Andrew O. applied for a New Jersey Firearms Purchaser Identification Card (FID) and Firearms Permit. (Compl. at 10.) In the application, Plaintiff

---

[4] A generous liberal reading of Plaintiff's Complaint appears to allege that Officer Jones retaliated against Plaintiff after the misconduct complaint was filed against Officer Jones regarding the May 5, 2012 arrest. (Compl. at 10.) Plaintiff has not pled facts detailing what Officer Jones did after he purportedly found out about the misconduct Complaint.

certified that he had never been "convicted of a disorderly persons offense in New Jersey or any criminal offense in another jurisdiction where you could have been sentenced up to six months in jail that has not been expunged or sealed[.]" (D.E. 5 at 19–20.) He did not report on the application that he was found guilty of Obstructing the Administration of Law or Government Function in connection with his May 5, 2012 arrest. (*Id.*)

After consideration, the application was denied by way of letter dated, April 20, 2021. (Compl. 10, D.E. 5 at 65.) The letter advised that Plaintiff's application was denied because no permit to purchase a handgun or FID shall be issued to any person, *inter alia*, "who knowingly falsifies any information on the application for a handgun purchaser permit or firearms identification card" or "where the issuance would not be in the interest of the public, health, safety, and welfare." (D.E. 5 at 65.)

Plaintiff filed an appeal with the Superior Court of New Jersey, Morris County regarding the denial of his application for an FID and Firearms Permit to purchase a handgun.[5] (D.E. 5 at 69.) The appeal proceeded with testimony on September 20, 2021 and November 17, 2021. (*Id.*) On November 22, 2021, Plaintiff voluntarily asked to withdraw his appeal with the Morris County Superior Court. (*Id.*) On December 1, 2021, Judge Thomas J. Critchley, J.S.C. of the Superior Court of New Jersey, Morris County entered an order withdrawing Plaintiff's appeal of the denial of his application. (*Id.*)

---

[5] A search of public records has not yielded information documenting that Plaintiff filed an appeal in the Superior Court of New Jersey, Morris County. Neither Plaintiff nor Defendants provided a copy of the filed appeal. Defendants did attach a copy of an Order from the Superior Court of New Jersey, Morris County withdrawing the appeal. (D.E. 5 at 69.) Notwithstanding, this Court will consider the appeal as filed.

### C. Federal Court Complaint

Plaintiff filed the instant suit on November 15, 2021, alleging three Counts, including violations of various constitutional rights.[6] (*See generally* Compl.) In Count One, Plaintiff alleges that he was unlawfully searched, seized, and arrested on May 5, 2012. (Compl. at 10.) In Count Two, Plaintiff alleges that fictitious police reports were filed from 2013 through 2016 in connection with his May 5, 2012 arrest and other incidents. (*Id.*) In Count Three, Plaintiff alleges, *inter alia*, that he was denied his FID and Firearms Permit in retaliation for exercising his First Amendment rights; that the denial of his FID and Firearms Permit violated his Second Amendment rights; and that he was harassed, discriminated against, and intimidated from entering the "public building to vote or conduct other normal business." (*Id.*) Plaintiff further alleges that he was intimidated because of Officer Jones' testimony during the Superior Court hearing on his appeal.[7] (*Id.*) Defendants have moved to dismiss Plaintiff's Complaint. (D.E. 4.) All timely briefing was filed. (D.E. 7 ("Opp. Br."), D.E. 9.)[8]

---

[6] This Court interprets the "Claim #1", "Claim #2", and "Claim #3" listed in the Complaint as causes of action ("Counts") for the purposes of this opinion. *See Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) ("Courts are to construe complaints so 'as to do substantial justice,' . . . keeping in mind that pro se complaints in particular should be construed liberally." (citations omitted)). These Counts are for violations of: "Perjury/False Statements, Unlawful Search, False Arrest, False Imprisonment, Malicious Prosecution, Retaliation, Fictitious Reports, 4th Amendment, 14th Amendment Violations" (Count One); "Fictitious police reports" (Count Two); and "Perjury/False Statement, Discrimination, Intimidation, Harassment, Retaliation, Fictitious Police Reports, 1st Amendment, 2nd Amendment, 14th Amendment Violations" (Count Three). The Complaint is generally unclear as to which factual allegations support each Count and against which specific Defendant(s) each Count is alleged.

[7] Plaintiff alleges that Officer Jones' testimony that he is "setting up undisclosed security in the town hall specifically directed at the plaintiff" has intimidated him from entering the public building and voting. (Compl. at 10.)

[8] On February 3, 2022, Plaintiff filed a sur-reply, which the Court advised "has been submitted without permission and will not be considered." (D.E. 10, D.E. 11.) Subsequently, on February 14, 2022, Plaintiff filed an amendment to his opposition. (D.E. 12.) Plaintiff's filed amendment (D.E. 12) has been submitted without permission and will not be considered.

## II.  LEGAL STANDARD

An adequate complaint must be "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief").

In considering a motion to dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231. However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard). Determining whether the allegations in a complaint are "plausible" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint should be dismissed for failing to "show[] that the pleader is entitled to relief" as required by Rule 8(a)(2). *Id.*

While *pro se* pleadings are to be liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim . . . [and] they cannot flout procedural rules—

they must abide by the same rules that apply to other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

Importantly, beyond the complaint, the Court can consider documents attached to the complaint or those "*integral to or explicitly* relied upon in the complaint." *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (internal quotation omitted). Here, Defendants attached, *inter alia*, the police reports filed from 2012 to 2016; the FID and Firearms Permit application; the Court Order withdrawing Plaintiff's appeal; and other Court documents to their motion. (D.E. 5.) Plaintiff alleges that he was unlawfully searched, seized, and arrested in May 2012; the police reports filed from 2012 to 2016 were "fictitious"; he was unlawfully denied his FID and Firearms Permit; and Officer Jones falsely testified and introduced false police reports during the Superior Court hearing on his appeal. (Compl. at 10.) By calling into question, *inter alia*, the police reports and the FID and Firearms Permit application's accuracy and lawfulness, Plaintiff has "invited [the Court's] consideration" of said documents. *See Spector Gadon & Rosen, P.C. v. Fishman*, 666 F.App'x 128, 131 (3d Cir. 2016). Because the referenced documents and the information contained therein are "integral to" and "explicitly relied upon in the complaint," the Court will consider and refer to said documents in resolving the present motion. *See In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1426 (3d Cir. 1997).

### III. DISCUSSION

#### A. Counts One and Two

A (generous liberal) reading of Counts One and Two of Plaintiff's Complaint suggests that Plaintiff intended to assert claims under 42 U.S.C. § 1983.[9] (Compl. at 10.) In Count One, Plaintiff

---

[9] As the basis for federal question jurisdiction in this matter, Plaintiff cites to 42 U.S.C. § 1983 (Civil action for deprivation of rights); 34 U.S.C. § 12601 (Cause of action under police pattern or practice); 18 U.S.C. § 242 (Deprivation of rights under color of law); 18 U.S.C. § 245 (federally protected activities); 42 U.S.C. § 14141 (Law Enforcement Misconduct Statute); 18 U.S.C. § 594 (Intimidation of voters); 18 U.S.C. § 1621 (Perjury generally); 18 U.S.C. § 1623 (False declarations before grand jury or court); and 28 U.S.C. § 1746 (Unsworn

7

alleges "perjury/false statements, unlawful search, false arrest, false imprisonment, malicious prosecution, retaliation, fictitious reports, 4th Amendment, 14th Amendment violations" in connection with Plaintiff's May 5, 2012 arrest. (*Id.*) In Count Two, Plaintiff alleges that "fictitious police reports" were filed from 2013 through 2016 in violation of his constitutional rights. (*Id.*)

The statute of limitations for actions arising under 42 U.S.C. § 1983 in New Jersey is two years. *See Backof v. N.J. State Police*, 92 F. App'x 852, 855 (3d Cir. 2004) (citing N.J. Stat. Ann. § 2A:14-2). "[A] cause of action accrues, and the statute of limitations begins to run, when the plaintiff knew or should have known of the injury upon which its action is based. The determination of the time at which a claim accrues is an objective inquiry; we ask not what the plaintiff actually knew but what a reasonable person should have known." *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009) (internal quotation marks and citations omitted).

Here, Plaintiff's § 1983 claims (Counts One and Two) are barred by the two-year statute of limitations. (Compl. at 10.) Count One stems from the arrest of Plaintiff on May 5, 2012. (*Id.*) As Plaintiff was aware of his alleged injury at the time of his arrest, the two-year limitations period began to run on May 5, 2012, and expired in May 2014. Count Two stems from alleged "fictious police reports" filed from 2013 to 2016 containing "material omissions and or falsifications[.]" (Compl. at 10.) The two-year limitations period on those claims has also expired under any liberal reading. Plaintiff provides no basis for a later accrual date or equitable tolling here, arguing only that his claims are not time-barred because the "unlawful actions by the defendant in 2012 were used as evidence in the 2021 Superior Court Proceedings to deprive [Plaintiff of his Second]

---

declarations under penalty of perjury), as federal statutes that are at issue in this matter. (D.E. 1 at 3, 9.) The above-cited statutes do not provide Plaintiff with a private cause of action, except for Plaintiff's claims under 42 U.S.C. § 1983. As such, Plaintiff's claims under 34 U.S.C. § 12601, 18 U.S.C. § 242, 18 U.S.C. § 245, 42 U.S.C. § 14141, 18 U.S.C. § 594, 18 U.S.C. § 1621, 18 U.S.C. § 1623, and 28 U.S.C. § 1746 are dismissed with prejudice. Plaintiff's claims under 42 U.S.C. § 1983 will be analyzed only.

Amendment rights."  (D.E. 7 at 2); *see also Brown v. Elmwood Park Police Dep't*, Civ. No. 19-9565, 2019 WL 2142768, at *2 (D.N.J. May 16, 2019) (citing *Kach*, 589 F.3d at 634).  Counts One and Two against Defendants are therefore dismissed with prejudice.

### B. Count Three

Count Three, when liberally construed, appears to assert: that Plaintiff's First and Second Amendment rights were violated because he was denied his FID card and Firearms Permit due to retaliation for exercising his free speech; Officer Jones "engaged in acts of intimidation, discrimination[,] and harassment by testifying to the court on 9/21/21 that he is setting up undisclosed security in the town hall specifically directed at the plaintiff"; and Officer Jones' testimony intimidated him from voting and accessing the services at Boonton Town Hall. (Compl. at 10.)

As an initial matter, Plaintiff's claims under Count Three (Compl. at 10), fall far short of adequately specifying what cognizable causes of action are actually being asserted because he fails to provide a clear narrative of either the factual or legal basis for his claims. *See Eisenstein v. Ebsworth*, 148 F. App'x 75, 77 (3d Cir. 2005) (affirming dismissal of a complaint that "failed to succinctly set forth . . . the legal cause(s) of action on which the claims were based").  For example, Plaintiff's assertions that his First Amendment and Second Amendment rights were violated because he was denied his FID card and Firearms Permit due to retaliation for exercising his free speech are bald unsupported assertions that cannot survive a motion to dismiss. (Compl. at 10.) Noticeably absent from the Complaint are pertinent facts demonstrating that Plaintiff was actually denied an FID card and Firearms Permit as a result of exercising his free speech. (*Id.*)

Even a generous reading of the Complaint does not reveal facts sufficient to sustain any cause of action under Count Three.  (Compl. at 10.)  Therefore, the facts alleged in the Complaint

are insufficient to support a claim entitling Plaintiff to relief. *Pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "'state a plausible claim for relief.'" *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x. 138, 141 (3d Cir. 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)). Count Three against Defendants is therefore dismissed.

  i.  **Claims against Defendants Boonton and Boonton PD**

Count Three also fails to state a claim for relief because it falls far short of adequately specifying what cognizable causes of action, if any, are specifically attributable to Defendants Boonton and Boonton PD. The body of the Complaint fails to note against which Defendant the claims are specifically being made, which specific alleged facts relate to the purported claims, and how they are so related. *See Ingris v. Borough of Caldwell*, Civ. No. 14-855, 2015 WL 3613499, at *5 (D.N.J. June 9, 2015) ("[T]o the extent Plaintiff seeks to lump several defendants together without setting forth what each particular defendant is alleged to have done, he has engaged in impermissibly vague group pleading."). Instead, Plaintiff's Complaint "presents a dense thicket of incomprehensible assertions" absent of "any arguable factual or legal basis." *James v. Walls,* Civ. No. 07-842, 2007 WL 1582660, at *2–3 (D.N.J. May 31, 2007) (internal quotation marks omitted) (citing *Eisenstein v. Ebsworth,* 148 F. App'x. at 77). The Complaint fails to provide fair notice to Boonton and Boonton PD of the factual basis of the claims against them and impermissibly requires them to speculate on the legal grounds for relief sought by Plaintiff. (*See generally* Compl.)

Nonetheless, consistent with Plaintiff's *pro se* status, this Court will consider the Complaint in detail with generous inferences and presumptions made below. *See, e.g.*, *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011) ("The obligation to liberally construe a *pro*

10

*se* litigant's pleadings is well-established."). "However, even under this relaxed standard there is nothing in . . . the complaint to indicate a reasonable basis" for the relief sought. *Tunnell v. Wiley*, 369 F. Supp. 1260, 1264 (E.D. Pa. 1974), *aff'd*, 514 F.2d 971 (3d Cir. 1975). Count Three, when liberally construed, is presumably intended to assert 42 U.S.C. § 1983 claims against Boonton and Boonton PD in connection with the denial of Plaintiff's FID card and Firearms Permit. (Compl. at 10); *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) ("[W]e will apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." (internal quotation omitted)). However, government entities are generally not liable under § 1983 unless injury results from the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy[.]" *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 694 (1978). In other words, a municipally-enacted policy, practice, or custom must be the "moving force [behind] the constitutional violation." *City of Canton v. Harris*, 489 U.S. 378, 389 (1989).

Here, Plaintiff provides no reasonable basis to support a finding that a municipally-enacted policy, practice, or custom led to a deprivation of Plaintiff's constitutional rights. In fact, neither Boonton nor Boonton PD are mentioned in the allegations of the Complaint. The Complaint is absent of facts establishing the existence of an unconstitutional policy; the execution of that policy caused Plaintiff's injury; and a connection between that conduct and Boonton itself. Therefore, to the extent Plaintiff intended to assert § 1983 claims against Boonton and Boonton PD, Plaintiff's claims are dismissed.[10]

---

[10] Boonton PD serves as "an executive and enforcement function of municipal government," rather than as an independent entity. *See* N.J.S.A. 40A:14-118. "[T]he proper [§ 1983] defendant is therefore the municipality itself, not the police department." *Brown v. Elmwood Park Police Dep't*, Civ. No. 19-9565, 2019 WL 1745984, at *2 (D.N.J. Apr. 18, 2019) (citing *Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014)).

Lastly, while municipality officers can, under certain circumstances, be held personally liable under § 1983 based on actions performed in their official capacities, *Hafer v. Melo,* 502 U.S. 21, 30–31 (1991), Plaintiff's claims against Officer Jones fail for the reasons set forth below.

### ii. Claims Against Defendant Officer Jones

The doctrine of qualified immunity shields government officials from civil liability so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Santini v. Fuentes*, 795 F.3d 410, 417 (3d Cir. 2015) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) (internal quotation marks omitted)); *see also Brown v. State of New Jersey*, 165 A.3d 735, 743 (N.J. 2017) (explaining that New Jersey's qualified immunity doctrine tracks the federal standard). To determine whether a defendant is entitled to qualified immunity, a court must "decide whether the facts that a plaintiff has . . . shown . . . make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). In addition, the court must "decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.* If the answer to either question is "no," the analysis may end and immunity applies. *Gardner v. N.J. State Police*, No. 15-08982, 2018 WL 5342715, at *7 (D.N.J. Oct. 29, 2018) (citing *Pitman v. Ottehberg*, No. 10-2538, 2015 WL 6445872, at *6 (D.N.J. Oct. 23, 2015)).

"Generally, the applicability of qualified immunity is a question of law." *Hill v. Algor*, 85 F. Supp. 2d 391, 401 (D.N.J. 2000) (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 401 n.4 (3d Cir. 1997)). "However, where factual issues relevant to the determination of qualified immunity are in dispute, the Court cannot resolve the matter as a question of law." *Id.* (citing *Karnes v. Skrutski*, 62 F.3d 485, 491 (3d Cir. 1995)); *see also Santini*, 795 F.3d at 420; *Curley v. Klem*, 298 F.3d 271, 278 (3d Cir. 2002) ("Just as the granting of summary judgment is inappropriate when a genuine

12

issue exists as to any material fact, a decision on qualified immunity will be premature when there are unresolved disputes of historical fact relevant to the immunity analysis").

Here, Plaintiff alleges causes of action against Officer Jones in connection with the denial of his FID card and Firearms Permit. (Compl. at 10.) However, Plaintiff has failed to sufficiently allege that Officer Jones violated a statutory or constitutional right that was "clearly established" at the time of the alleged conduct. *Pearson v. Callahan*, 555 U.S. at 232. Without more, Plaintiff merely asserts that Officer Jones denied him FID card and Firearms Permit and requested additional security in the town hall due to his past conduct. As pled, Plaintiff's claims against Officer Jones in Count Three would be barred under qualified immunity.

### iii. The Younger Abstention Doctrine

The *Younger* abstention doctrine discourages federal interference with pending state proceedings. (D.E. 4-5 at 28.) In *Younger v. Harris,* 401 U.S. 37 (1971), the Supreme Court affirmed the longstanding policy discouraging federal court interference with state proceedings in the interests of equity, comity and federalism. *Id.* at 43–45. *Younger* applies to criminal, civil, and administrative state proceedings. *See Ohio Civil Rights Commission v. Dayton Christian Schools, Inc.*, 477 U.S. 619, 627 (1986). Federal courts invoke the *Younger* doctrine and abstain where: (1) there is a pending state proceeding[11] that is judicial in nature; (2) the state proceeding implicates important state interests; and (3) the state proceeding affords the complainant an adequate opportunity to raise constitutional issues. *See, e.g.*, *Middlesex County Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 432 (1982); *O'Neill v. City of Philadelphia,* 32 F.3d 785,

---

[11] At the time Plaintiff filed the instant matter, Plaintiff's appeal of the denial of his FID card and Firearms Permit was still pending in the Superior Court of New Jersey. Plaintiff voluntary withdrew his appeal in the Superior Court of New Jersey on November 22, 2021, which was days after Plaintiff filed the instant matter on November 15, 2021.

789 (3d Cir. 1994), *cert. denied,* 514 U.S. 1015 (1995). Here, Plaintiff's claims under Count Three are also barred by the *Younger* abstention doctrine for the reasons discussed below.

The first element of *Younger* requires there to be a pending state proceeding that is judicial in nature. A "pending proceeding" is one that has already commenced rather than one that is "merely incipient or threatened." *Huffman v. Pursue, Ltd.,* 420 U.S. 592, 607 (1975). The Third Circuit in *O'Neill* held that a state proceeding is "pending" within the meaning of *Younger* abstention where:

> [A]dequate state-court judicial review of the administrative determination is available to the federal claimants, and where the claimants have chosen not to pursue their state-court judicial remedies, but have instead sought to invalidate the State's judgment by filing a federal action.

*O'Neill,* 32 F.3d 791.

Here, Plaintiff was denied an FID card and Firearms Permit in an administrative determination. (Compl. at 10; D.E. 5 at 65.) As appropriate, he appealed the denial to Superior Court of New Jersey. After days of a hearing, Plaintiff abruptly withdrew his appeal before a decision was rendered by the Court. (D.E. 5 at 69.) Prior to withdrawing his appeal in the Superior Court of New Jersey, Plaintiff filed the instant matter before this Court, again challenging the denial of his application and asserting various other claims, as addressed herein.

The second element of *Younger* requires that the state proceeding implicate important state interests. This element rests on the vital consideration of comity, which necessarily includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Younger,* 401 U.S. at 44. In making this inquiry, the Court must examine

the "importance of the generic proceedings to the State," rather than the state's narrow interest in the outcome of the particular case. *O'Neill,* 32 F.3d at 791–92 (citing *New Orleans Public Service, Inc. v. Council of New Orleans,* 491 U.S. 350, 364–65 (1989)).  That New Jersey has the most substantial interest in protecting the health, welfare, and safety of the public when determining whether individuals are fit to acquire firearms pursuant to N.J.S.A. § 2C:58-3 is irrefutable.  While there is certainly a federal interest, it is substantially outweighed by New Jersey's overriding interest.  Further, New Jersey has established a comprehensive statutory framework under N.J.S.A. § 2C:58-3 to govern the acquisition of firearms in the state.  Thus, the second factor under *Younger* is met.

The third element of *Younger* requires that the state proceeding afford the complainant an adequate opportunity to raise constitutional issues. In the context of a state administrative proceeding, this element is satisfied "when the federal claimant can assert his constitutional claims during state-court judicial review of the administrative determination."  *O'Neill,* 32 F.3d at 792; *accord Ohio Civil Rights* Commission, 477 U.S. at 629; *Middlesex County Ethics Committee v. Garden State Bar Association*, 457 U.S. 423, 436 (1982).  Plaintiff has the exclusive burden to establish that "state procedural law barred presentation of its claims" in an administrative action or before the state courts.  *Schall v. Joyce*, 885 F.2d 101, 107 (3d Cir. 1989) (quoting *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987).  Furthermore, when a claimant fails to present its federal claims in a "related state-court proceeding[ ], a federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary" and abstain. *O'Neill,* 32 F.3d at 792 (quoting *Pennzoil,* 481 U.S. at 15).

Here, Plaintiff voluntarily withdrew his appeal of the denial of his FID card and Firearms Permit (D.E. 5 at 69), when the state proceeding would have afforded him an adequate remedy.

15

(D.E. 4-5 at 27.) There is no plenary "right of access to a federal forum for the disposition of all issues," and considerations underlying *Younger* specifically militate against the availability of a "federal forum . . . prior to the completion of the state proceedings in which the federal issue arises." *Huffman,* 420 U.S. at 606. Any argument that Plaintiff did not have an adequate opportunity to present his constitutional claims in the state proceedings is untenable. A plaintiff cannot impermissibly seek to "bypass the state system and to seek relief in federal court" where he had ample opportunity to raise his federal claims in the state-court proceedings, where he had the right to appeal any adverse decision to higher courts, and where there exists no extraordinary circumstance[12] that would make abstention inappropriate. *See Middlesex,* 457 U.S. at 435 ("[s]o long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain"). Accordingly, the third element of *Younger* has been satisfied.

In sum, the *Younger* abstention doctrine relieves this Court of jurisdiction and Plaintiff has failed to demonstrate its inapplicability. Consequently, Plaintiff's Complaint is dismissed.[13]

---

[12] In the present case, no such extraordinary circumstances, bad faith, or harassment exist.

[13] The Court notes that Plaintiff's Complaint may also be barred by the Entire Controversy Doctrine ("ECD"). The ECD "embodies the notion that the adjudication of a legal controversy should occur in one litigation in only one court; accordingly, all parties involved in a litigation should at the very least present in that proceeding all of their claims and defenses that are related to the underlying controversy." *Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 886 (3d Cir. 1997) (internal quotations omitted) (quoting *DiTrolio v. Antiles,* 142 N.J. 253, 662 A.2d 494, 502 (1995)); *see also Mori v. Hartz Mountain Dev. Corp.*, 472 A.2d 150, 155 (N.J. Super. Ct. App. Div. 1983) ("[T]he entire controversy doctrine applies not only to matters actually litigated, but to all aspects of a controversy that *might* have been thus litigated and determined.") This Court need not reach a discussion on the ECD because the *Younger* Abstention Doctrine applies.

## V. CONCLUSION

Defendants' Motion to Dismiss Plaintiff's Complaint is **GRANTED**. An appropriate order follows.

          /s/ Susan D. Wigenton
      **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk
cc:    Parties
       Edward S. Kiel, U.S.M.J.